### Daniel A. Carpenter, Receiver Southern B. & L. Association, v. Amos Welty et al.

1. BUILDING AND LOAN ASSOCIATIONS—*Forfeitures Under the Act to Regulate Foreign Building, Loan and Homestead Associations Doing Business in This State.*—A note and mortgage given to secure a loan made by a foreign building, loan and homestead association doing business in this State, and before such act took effect, is not affected by the provisions of the act, and is not subject to the penalties and forfeitures prescribed therein.

2. FORFEITURES—*Not Favored in Equity.*—The construction of a statute prescribing a forfeiture for a violation of its provisions is not favored in equity.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Shelby County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed February 19, 1902.

McANULTY & ALLEN, attorneys for appellant.

E. A. RICHARDSON, attorney for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a suit in equity by the appellant as receiver of the Southern Building and Loan Association of Knoxville, Tennessee, to foreclose a mortgage of $500, and the court having dismissed the bill this appeal is brought to reverse the decree.

A mortgage was given by Welty and wife upon real estate owned by them in Shelby county of this State, to secure a note for $500, both note and mortgage bearing date June 26, 1893, the latter having been acknowledged July 7, 1893, and after that time, the money loaned by the association was paid over by it to Welty, and received by him on the faith of the securities given and accepted. The association, which had been incorporated under the laws of the State of Tennessee, did business in this State prior to July 1, 1893, at which latter date a statute took effect entitled " An act to regulate foreign building, loan and homestead associations doing business in the State of Illinois " (Hurd St. Ed. 1901, p. 479), in which certain requirements are to be complied with before such corporations shall have the right to do business in this State, prescribing certain penalties for a violation of the statute, in addition to declaring all contracts made after the passage of the act, by such association, not so authorized to do business at the time of making such contracts, shall be null and void. It was admitted at the hearing of the cause in the trial court that the association had not complied with the provisions of this statute, neither at the date of the note and mortgage, at the time the latter was acknowledged, nor at the time the money representing the loan was paid to Welty and accepted by him; and for this reason, as we understand

the argument of counsel, the learned chancellor in the trial court held the note and mortgage to be void and incapable of enforcement under the provisions of the statute to which we have alluded. The result of this construction of the statute, if adhered to, will be to enforce a forfeiture by the association of the money represented by the note and mortgage. The rule in equity is that forfeitures are not favored, and it would follow as a necessary sequence that the rule of construction to be adopted in reference to the statute in question should be a liberal one, and most favorable to the association, in order that a forfeiture may be avoided, if possible, consistent with the intent of the legislature, manifested by its enactment. It was admitted on the hearing of the cause the association had, before the passage of the act in question, and before its provisions took effect, transacted business in the State. The proviso to the last section of the statute contains the exception to the provisions of the act, that such associations as had theretofore transacted business in this State, should have the right to close up their business, and fulfill their contracts theretofore entered into with citizens of this State. It will be observed that the words of the exception are general—to close up their business and fulfill their contracts—without specific limitation as to whether such contracts be in writing or otherwise. We may be permitted to take judicial notice of general habits and customs in the transaction of the ordinary business affairs of mankind, and therefore we know that it is usual that a preliminary contract is effected before a loan of money secured by note and mortgage is consummated. The note and mortgage in this case are dated June 26, 1893, prior to the time the provisions of the statute in question took effect, and we must therefore presume that before then some kind of a preliminary contract, with reference to this loan, was in existence, which we think was the clear intent of the legislature to exempt from the operation of the statute, and continue the right in the association to fulfill. Any other construction of the act, as applied to the facts of the case, would work a hardship and

an injustice to the association, which, according to every elementary principle of equity jurisprudence, the court is obligated to avoid, if possible to do so.   Were there present here a willful purpose on the part of the association to evade the statutory enactment a different question would be presented; such a purpose is not apparent, but on the contrary, all the facts refute it.   In truth, if it were necessary for the court to go to such length, in view of the facts that the makers of the note and mortgage, dated before the act took effect, received the money on the faith of them, paid to them on the faith of their validity, the court would be well warranted, and would not hesitate, to apply the doctrine of estoppel against such makers, and all persons claiming under them, and thereby prohibit them from denying that the papers express the true date of the contract, if in fact it does not.

In view of what we have already said it follows, in our opinion, the decree of the Circuit Court is wrong, and it will be reversed and the cause remanded, with directions to ascertain the amount due upon the note and mortgage, and enter a decree for the same in accordance with the prayer of the bill.   Reversed and remanded.